UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>AARON PRICE,<br>ASHIA MCGEE, and<br>TORREY PRICE | No. 23 CR 429<br><br>Judge Harry D. Leinenweber |

**PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the unopposed motion of the government, pursuant to Fed. R. Crim. P. 16(d), it is hereby ORDERED:

1. The discovery materials to be provided by the United States to the defense contain a substantial amount of Personally Identifiable Information ("PII"), which may include, but is not limited to, social security numbers, dates of birth, telephone numbers, addresses, and financial information (such as bank account numbers). Because of the volume of the discovery materials to be produced, it is not practicable for the United States to redact all PII before disclosing these materials to the defense. Such a process would be very time consuming, thus delaying production of discovery materials to the defense.

2. All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") which are marked "sensitive" (collectively, "the sensitive materials") are subject to this protective order and may be used by defendants and defendants'

1

counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

    3.    Defendants and defendants' counsel shall not disclose the sensitive materials or their contents directly or indirectly to any person or entity other than:

    a.    Persons employed to assist in the defense;

    b.    Persons who are interviewed by defense counsel (or individual(s) employed by defense counsel) as potential witnesses;

    c.    Counsel for potential witnesses;

    d.    The person to whom the sensitive information solely and directly pertains; and

    e.    Other persons to whom the Court may authorize disclosure (collectively, "authorized persons").

Potential witnesses and their counsel may be shown copies of the sensitive materials as necessary to prepare the defense, but may not retain copies without prior permission of the Court.

    4.    Defendants, defendants' counsel, and authorized persons shall not copy or reproduce the sensitive materials except in order to provide copies of the materials for use in connection with this case by defendants, defendants' counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

5. Defendants, defendants' counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the sensitive materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

6. Before providing sensitive materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order and require the authorized person to sign a statement acknowledging that the authorized person has received a copy of and reviewed the Order, and has agreed to be bound by its terms and conditions subject to sanctioning by the Court for any violations of this Order. Defense counsel shall maintain a copy of the signed statement of each authorized person for a period of twelve months after the conclusion of all stages of this case, and shall provide copies of the signed statement of each authorized person to the Court upon request.

7. Upon conclusion of all stages of this case, all of the sensitive materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such materials.

8. In the event that the sensitive materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the materials are so

3

maintained, and the sensitive materials may not be disseminated or used in connection with any other matter without further order of the Court.

9. To the extent any sensitive material is produced by the United States to defendants or defendants' counsel by mistake ("inadvertently disclosed material"), the United States shall have the right to request the return of the inadvertently disclosed material and shall do so in writing. Within five days of the receipt of such a request, defendants and/or defendants' counsel shall either (a) return all such inadvertently disclosed material if in hard copy, and in the case of electronic materials, certify in writing that all copies of the specified inadvertently disclosed material have been deleted from any location in which the inadvertently disclosed material was stored, or (b) sequester all copies of the inadvertently disclosed material and petition the Court under seal to retain access to the inadvertently disclosed material. Defendants and/or defendants' counsel shall not use or disclose the inadvertently disclosed material until such petition is resolved.

10. Any filing concerning the content of the sensitive materials, or discussion of the sensitive materials on the public record, should be made preliminarily under seal.

11. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, subject to redaction of PII pursuant to this Court's local rules or further order of the Court, nor do the restrictions in this

4

Order limit defense counsel in the use of discovery materials in judicial proceedings in this case.

12.     Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

                ENTER:

                _____
                HARRY D. LEINENWEBER
                District Judge
                United States District Court
                Northern District of Illinois

Date:   9/6/2023